IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE CORE, INC., and<br>FOOD MANAGEMENT INVESTORS, INC.,<br>d/b/a APPLEBEE'S NEIGHBORHOOD<br>GRILL & BAR<br>　　　　　　　　　　Defendants. | Civil Action No.<br>_____<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

This is a sexual harassment and retaliation action brought by the United States Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment patterns and practices on the basis of sex, and provide appropriate relief to Megan Espeland, Kristin Grossman, Nicole McGarvey, Shelley Kadrmas, Lisa Tomek and a class of similarly situated women who were adversely affected by such patterns and practices.  The EEOC alleges that Defendants Apple Core, Inc.("ACI") and Food Management Investors, Inc. ("FMI"), collectively d/b/a Applebee's Neighborhood Grill & Bar, subjected Ms. Espeland, Ms. Grossman, Ms. McGarvey, Ms. Kadrmas, Ms. Tomek and other similarly situated individuals to a sexually hostile working environment. The EEOC also alleges Defendants ACI and FMI subjected Ms. Espeland, Ms. Grossman, Ms. McGarvey, Ms. Kadrmas, Ms. Tomek and other similarly situated individuals to

retaliation in the form of demotions, loss of wages, further harassment, and unfavorable terms or conditions of employment, discipline or discharge for complaining of sexual harassment

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3); § 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-6; and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the District of North Dakota.

3. More than 30 days prior to the institution of this lawsuit, Megan Espeland, Kristin Grossman, Nicole McGarvey, Shelley Kadrmas, Lisa Tomek, former Bismarck South Applebee's employees, filed charges with the EEOC alleging violations of Title VII by Defendants ACI and FMI.

4. Prior to institution of this lawsuit, the EEOC's representatives attempted to eliminate the unlawful employment pattern and practices alleged below and to effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).  All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

5. The plaintiff, the EEOC, is the agency of the United States of America charged with administering, interpreting and enforcing Title VII, and is expressly authorized

to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and by § 707 of Title VII, 42 U.S. C. §2000e-6.

6. At all relevant times, Defendants ACI and FMI have continuously been and are now incorporated in the State of North Dakota, with their principal place of business in the City of Minot, North Dakota, and have continuously had at least 15 employees.

7. At all relevant times, Defendants ACI and FMI have been collectively doing business as the Bismarck South Applebee's Neighborhood Grill & Bar ("Applebee's"), with their principal place of business in the City of Bismarck, North Dakota.

8. At all relevant times, Applebee's has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

9. Beginning in 2002, Defendants ACI and FMI engaged in a pattern and practice of unlawful employment practices at their Bismarck South Applebee's restaurant at 434 South 3rd Street, Bismarck, North Dakota, in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2. Among other things, Defendants' general manager Michael Cordova subjected female employees, including Megan Espeland, Kristin Grossman, Nicole McGarvey, Shelley Kadrmas and Lisa Tomek, to sexual harassment (including, but not limited to, propositions for sex, requests to engage in sex for improved work conditions, sexual advances, unwelcome groping, sexually suggestive conduct, favoritism towards female co-workers who participated in sexually provocative conduct, and sexual comments), which created a sexually hostile work environment. Defendants, despite actual and constructive notice of the

situation, failed and refused to take prompt and appropriate action to correct the harassment and the resulting hostile environment.

10. Beginning in 2002, Defendants ACI and FMI engaged in a pattern and practice of unlawful employment practices at their Bismarck South Applebee's restaurant at 434 South 3rd Street, Bismarck, North Dakota, in violation of § 704(a), U.S.C. § 2000e-3. Among other things, Defendants' supervisors and managers, including general manager Michael Cordova, subjected employees, including Megan Espeland, Kristin Grossman, Nicole McGarvey, Shelley Kadrmas and Lisa Tomek, to verbal abuse, denial of training, constructive discharge and other adverse terms and conditions of employment in retaliation for complaining about or opposing sexual harassment (including, but not limited to, former assistant manager Jeff Wood, who was retaliated against for complaining about general manager Michael Cordova's sexual harassment of female employees).

11. Beginning in 2002, Defendants ACI and FMI engaged in unlawful employment practices at their Bismarck South Applebee's restaurant at 434 South 3rd Street, Bismarck, North Dakota, in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2. Among other things, Defendants' general manager Michael Cordova subjected a class of female employees, including Megan Espeland, Kristin Grossman, Nicole McGarvey, Shelley Kadrmas and Lisa Tomek, to sexual harassment (including, but not limited to, propositions for sex, requests to engage in sex for improved work conditions, sexual advances, unwelcome groping, sexually suggestive conduct, favoritism towards female co-workers who participated in sexually provocative conduct, and sexual comments), which created a sexually hostile work environment. Defendants, despite actual and constructive notice of the

situation, failed and refused to take prompt and appropriate action to correct the harassment and the resulting hostile environment.

12. Beginning in 2002, Defendants ACI and FMI engaged in unlawful employment practices at their Bismarck South Applebee's restaurant at 434 South 3rd Street, Bismarck, North Dakota, in violation of § 704(a), U.S.C. § 2000e-3. Among other things, Defendants' supervisors and managers, including general manager Michael Cordova, subjected a class of employees, including Megan Espeland, Kristin Grossman, Nicole McGarvey, Shelley Kadrmas and Lisa Tomek, to verbal abuse, denial of training, constructive discharge and other adverse terms and conditions of employment in retaliation for complaining about or opposing sexual harassment (including, but not limited to, former assistant manager Jeff Wood, who was retaliated against for complaining about general manager Michael Cordova's sexual harassment of female employees).

13. The unlawful employment practices complained of in Paragraphs 9, 10, 11 and 12 were intentional and caused employees, including but not limited to Megan Espeland, Kristin Grossman, Nicole McGarvey, Shelley Kadrmas and Lisa Tomek, to suffer emotional distress.

14. The unlawful employment practices complained of in Paragraphs 9, 10, 11 and 12 were done with malice or reckless indifference to the federally protected rights of employees, including but not limited to Megan Espeland, Kristin Grossman, Nicole McGarvey, Shelley Kadrmas and Lisa Tomek, because of their sex and/or because they opposed sexual harassment and discrimination.

## PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendants ACI and FMI and its officers, successors and assigns, and all persons in active concert or participation with them, from engaging in sexual harassment, any other employment practice which discriminates on the basis of sex, and from retaliation for opposition to such practices.

  B. Order Defendants ACI and FMI to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, protect employees who make complaints of discrimination or sexual harassment from retaliation, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendants ACI and FMI to make Megan Espeland, Kristin Grossman, Nicole McGarvey, Shelley Kadrmas, Lisa Tomek and a class of similarly situated individuals whole by providing appropriate back pay and benefits, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including (but not limited to) rightful place instatement and/or front pay in lieu thereof.

  D. Order Defendants ACI and FMI to make Megan Espeland, Kristin Grossman, Nicole McGarvey, Shelley Kadrmas, Lisa Tomek and a class of similarly situated individuals whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in Paragraphs 9, 10, 11 and 12, including (but not limited to) emotional pain, suffering and humiliation, in amounts to be determined at trial.

  E. Order Defendants ACI and FMI to make Megan Espeland, Kristin Grossman, Nicole McGarvey, Shelley Kadrmas, Lisa Tomek and a class of similarly situated individuals whole by paying punitive damages for its malicious and reckless conduct described in Paragraphs 9, 10, 11 and 12 in amounts to be determined at trial.

    F.       Grant such further relief as the Court deems necessary and proper in the public interest.

    G.       Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. David Lopez  
General Counsel

James L.Lee  
Deputy General Counsel

Gwendolyn Young Reams  
Associate General Counsel

Equal Employment Opportunity Commission  
131 M Street , NE  
5th Floor  
Washington, D.C. 20507  
(202) 663-4702

s/John C. Hendrickson

Dated:  June 22, 2010  
_____  
John C. Hendrickson  
Regional Attorney

s/Jean P. Kamp

Dated:  June 22, 2010  
_____  
Jean P. Kamp  
Associate Regional Attorney

Equal Employment Opportunity Commission  
Chicago District Office  
500 West Madison Street, Suite 2000  
Chicago, IL 60661  
(312) 353-7716

|  |  |
|---|---|
| | s/Nicholas J. Pladson |
| Dated:  June 22, 2010 | _____ |
| | Nicholas J. Pladson |
| | Minnesota Bar Number 0388148 |
| | Attorney for Plaintiff |
| | Equal Employment Opportunity Commission |
| | Minneapolis Area Office |
| | 330 Second Avenue South, Suite 720 |
| | Minneapolis, MN 55401 |
| | Telephone:  (612) 335-4047 |
| | Fax:  (612) 335-4044 |